J-S44003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EAST COAST SUMMIT POINTE, LLC AND MORGAN PROPERTIES MANAGEMENT COMPANY, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 706 MDA 2020 |
| | : | |
| ASPEN AMERICAN INSURANCE COMPANY AND TSE, INC. | : | |

Appeal from the Order Entered April 22, 2020
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2016-CV-1783

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 02, 2020**

Appellants, East Coast Summit Pointe, LLC, and Morgan Properties Management Company, LLC, appeal from the April 22, 2020 order granting the motion for summary judgment filed by Appellees, Aspen American Insurance Company and TSE, Inc., and entering judgment in Appellees' favor. We affirm.

Appellants own an apartment complex in Lackawanna County, Pennsylvania, and sought bids for the construction of a replacement gas line, gas meter, and water meter pit.  TSE was one of the bidders and Aspen American issued the surety bond in connection with TSE's bid.  When TSE did not enter into the contract with Appellants, because TSE had submitted a revised bid that Appellants did not appear to consider, Appellants filed a

complaint, essentially alleging breach of contract and seeking damages of more than $172,000. Subsequently, Appellees filed a contested motion for summary judgment, which was granted by the trial court. Thereafter, Appellants filed the present appeal and raise three issues for our review:

1. Whether the trial court erred as a matter of law in holding that [Appellee] TSE, Inc.['s] revising its bid revoked its original bid.

2. Whether the trial court erred as a matter of law in holding that no contract existed between the parties.

3. Whether the trial court erred as a matter of law in finding issues of fact without any support in the record.

Appellants' brief at 7.

In reviewing this appeal, we are guided by the following:

Entry of summary judgment is governed by Rule 1035.2 of the Rules of Civil Procedure:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. In addition:

Our standard of review of an appeal from an order granting summary judgment is well settled: Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and

also demonstrates that the moving party is entitled to judgment as a matter of law. Whether there is a genuine issue of material fact is a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. When reviewing a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party.

***Reason v. Kathryn's Korner Thrift Shop***, 169 A.3d 96, 100 (Pa. Super. 2017) (internal citation omitted).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough memorandum authored by the Honorable James A. Gibbons of the Court of Common Pleas of Lackawanna County, dated April 22, 2020. Memorandum and Order, 4/22/2020. We conclude that Judge Gibbons' well-reasoned memorandum accurately disposes of the three issues presented by Appellants on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Gibbons' memorandum as our own for purposes of appellate review and affirm the order granting Appellees' motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/02/2020

| | |
|---|---|
| EAST COAST SUMMIT POINTE, LLC; MORGAN PROPERTIES MGMT. CO., LLC, <br><br> *Plaintiffs,* <br><br> vs. <br><br> ASPEN AMERICAN INSURANCE CO. AND TSE, INC., <br><br> *Defendants.* | In the Court of Common Pleas of Lackawanna County <br><br> Civil Action - Law <br><br> No. 2016-CV-1783 |

## MEMORANDUM AND ORDER

### I.  Introduction.

In this action for breach of contract, breach of contract of suretyship and declaratory judgment, the essential question raised by the Defendants' Motion for Summary Judgment is whether or not a contract for construction ever existed. Plaintiff East Coast Summit Pointe, LLC (Summit Pointe) owns an apartment complex in Lackawanna County, Pennsylvania. Plaintiff Morgan Properties, LP owns Summit Pointe and MP Management (Morgan Properties). Plaintiffs sought bids for the construction of a replacement gas line, gas meter and water meter pit. Several bidders participated and submitted bids, one of which was Defendant TSE, Inc. (TSE). As is the case in many construction projects, bidders submit a surety bond which, among other things, promises to pay the owner of the project ten percent of the bid amount if certain conditions are not met. Here, Plaintiffs allege in their Complaint that the project was awarded to TSE and that TSE failed to enter into the contract with Plaintiffs. Consequently, Plaintiffs seek damages from TSE in excess of $172,000.00 representing the difference between the cost of a contract Plaintiffs entered into with another contractor and one of the bids submitted by TSE as well as the amount of the surety bond issued by Defendant Aspen American Insurance Company in the amount of $39,354.60. After considering the arguments and submissions of the parties in connection with the Defendants' contested Motion for Summary Judgment, this matter

**RR 813**

is ripe for decision. For the following reasons, we conclude that as a matter of law, no contract was entered into between Plaintiffs and TSE and the Defendants, therefore, are entitled to summary judgment.

## II. Facts and Procedural History.

On August 25, 2015, Plaintiffs placed a construction project out to bid. (Motion for Summary Judgment, ¶3; Plaintiffs' Opposition to Motion for Summary Judgment, ¶3). The project concerned the replacement of an underground gas line and related facilities at Plaintiffs' apartment complex in Scranton, Lackawanna County, Pennsylvania. (Defendants' Motion, ¶4; Plaintiffs' Opposition, ¶4). The project was handled on behalf of Plaintiffs by Stephen Waters and James Simparosa. (Motion, ¶5, Opposition, ¶5). Waters served as Simparosa's superior. (Motion, ¶7, Opposition, ¶7). Plaintiffs retained Peters Consultants, Inc. (PCI) which specializes in civil engineering in order to survey and locate utilities and gas lines of Plaintiffs' entire property. (Motion, ¶9; Opposition, ¶9). Dennis Peters is the sole shareholder of PCI (Motion ¶10; Opposition, ¶10). Angela Slusser (Slusser) was employed by PCI and served as Secretary and Project Manager during the relevant time frame. (Motion, ¶11; Opposition, ¶11). PCI handled the bidding process for the project at issue here. (Motion, ¶13; Opposition, ¶13). The bids for the project were due back at the offices of PCI by 11:00 a.m. on October 30, 2015, which deadline was extended to November 4, 2015 by an addendum to the bid notice bearing date of October 28, 2015. (Motion, ¶¶14-15; Opposition, ¶¶14-15). TSE did not submit an initial bid for the project by the original bid date of October 30, 2015. (Motion, ¶16; Opposition, ¶16).

Only one bid was submitted for the project by November 4, 2015 and that bidder was Linde Corporation (Lindy), and the bid totaled $767,324.05. (Motion, ¶17; Opposition, ¶17). Plaintiffs thereafter instructed PCI to solicit bids for the project from other contractors, including Defendant TSE. (Motion, ¶18; Opposition, ¶18). Thereafter, Angela Slusser contacted additional contractors, including Defendant TSE, to inquire about submitting a bid on the project. (Motion, ¶19; Opposition, ¶19).

- 2 -

Plaintiffs further extended the bid date to November 11, 2015. (Motion, ¶23; Opposition, ¶23). TSE submitted a bid on November 11, 2015 in the amount of $393,546.00. (Motion, ¶25; Opposition, ¶25). Kriger Construction, Inc. (Kriger) submitted a bid on November 11, 2015 as well, but Kriger's bid was in the amount of $673,270.00. (Motion, ¶26; Opposition, ¶26). The President of TSE, James Valvano, learned of the discrepancies in the three bids. (Motion, ¶27; Opposition, ¶27). TSE submitted a revised bid on November 13, 2015 in the amount of $564,465.00, with the knowledge of Plaintiffs and PCI. (Motion, ¶¶33, 34; Opposition ¶¶33,34). Thus, Plaintiffs were in receipt of TSE's original bid and revised bid as of November 13, 2015. (Motion, ¶37; Opposition, ¶37). On November 19, 2015, PCI, through Angela Slusser, sent a Notice of Award to Defendant TSE bearing a date of November 19, 2015. (Motion, ¶¶43, 44; Response, ¶¶43,44). The Notice of Award was addressed to TSE and read, in pertinent part: "You are hereby notified that your bid dated October 28, 2015 for the above Contract has been considered. You are the apparent successful Bidder and have been awarded a Contract for the above-named project." (Motion, ¶45; Opposition, ¶45). TSE's original bid was submitted on November 11, 2015; its revised bid was submitted on November 13, 2015. (Motion, ¶47; Opposition, ¶47).[1] The award was based on the initial bid figure of $393,546.00.

III.    Standard of Review.

Defendants have filed a Motion for Summary Judgment, to which the Plaintiffs have responded.

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

---

[1] Plaintiffs maintain that TSE's agent, Norman Artabane, sent an e-mail to Angela Slusser on November 11, 2015 increasing its bid to $575,000.00. The revised bid amount was transmitted by an e-mail on November 11, 2015 but was formally submitted on November 13, 2015.

- 3 -

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ.P. 1035.2. Summary judgment "is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment in its favor as a matter of law. *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348, 352 (Pa. 2018). In making that determination, the summary judgment record and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party, with any doubts as to the existence of a genuine issue of material fact being resolved against the moving party. *In re: Risperdal Litigation*, 223 A.3d 633, 639 (Pa. 2019). A motion for summary judgment implicates the plaintiff's proof of the elements of a cause of action. *Kline v. Travelers Personal Security Insurance Co.*, 223 A.3d 677, 685 (Pa.Super. 2019). A non-moving party who bears the burden of proof on an issue may not merely rely on his pleadings or answers in order to survive summary judgment. *Pass v. Palmiero Automotive of Butler, Inc.*, 2020 WL 632995, at *2 (Pa.Super. 2020). The failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of a moving party to judgment as a matter of law. *Id.* The non-moving party must "point to evidence in the record indicating that a conflict in the evidence warrants review by the factfinder." *Schell v. Guth*, 88 A.3d 1053, 1055-56 (Pa.Cmwlth. 2014), *appeal denied*, 628 Pa. 643, 104 A.3d 527 (2014). The court may grant summary judgment only when the right to such a judgment is clear and free from doubt. *Gallagher v. GEICO Indemnity Company*, 201 A.3d 131, 136-37 (Pa. 2019).

IV. Discussion.

There is no dispute here that Defendant TSE submitted a bid for this project and, two days later, submitted a *revised* bid. There is also no dispute that Plaintiffs

- 4 -

accepted TSE's original bid and revised bid for consideration. There is no dispute that the revised bid contained a higher price for the project, higher by almost $200,000.00. In our view, TSE's revised bid supplanted its original bid and became, in fact, the only bid submitted by TSE. It certainly is understandable why Plaintiffs would prefer to spend almost $200,000.00 less for the project, but the lower original bid did not exist in its original form, since it had been *revised*.

A solicitation for bid proposals is not an offer but only an invitation for parties to submit bids in response to this request. The submission of the bid is an offer which the contracting agency is free to accept or reject. *Nat'l Const. Services, Inc. v. Philadelphia Regl. Port Auth.*, 789 A.2d 306 (Pa.Cmwlth. 2001). "In order to form a contract, there must be an offer, acceptance, and consideration or a mutual meeting of the minds." *Ribarchak v. Municipal Authority of City of Monongahela*, 44 A.3d 706, 708 (Pa.Cmwlth. 2011), *appeal denied*, 618 Pa. 692, 57 A.3d 73 (Pa. 2012)(*quoting Yarnall v. Almy*, 703 A.2d 535, 538 (Pa.Super. 1997). "It is well established that the submission of a bid constitutes an offer and becomes a binding contract when the bid is accepted . . . ." *Ribarchak, supra, quoting Muncy Area School District v. Gardner*, 91 Pa.Cmwlth. 406, 497 A.2d 683, 686 (1985).

Here, TSE made Plaintiffs an offer by submitting its initial bid proposal, and then revised its offer with its revised bid. There is no dispute that the bid was revised and there is no dispute that the revised bid was submitted along with all the other bids prior to the Notice of Award.

The question now before us is whether Plaintiffs accepted TSE's offer. As noted in *Ribarchak, supra*, the Pennsylvania Supreme Court "stated that the 'variances constitute a counteroffer' and, 'to constitute a contract, the acceptance of the offer must be absolute and identical with the terms of the offer.'" *Hedden v. Lupinsky*, 405 Pa. 609, 176 A.2d 406 at 408 (1962), *Ribarchak*, 44 A.3d at 709. TSE submitted a revised bid

- 5 -

with no objection from the Plaintiffs.[2] As such, the original bid was no longer available for Plaintiffs to accept. It was *revised.* It was changed. It was revoked. An offeree's power to accept an offer is terminated by a revocation of the offer by the offeror. *GMH Associates. Inc. v. Prudential Realty Group*, 752 A.2d 889, 899 (Pa.Super. 2000); *First Home Savings Bank, FSB v. Nernberg*, 436 Pa.Super. 377, 648 A.2d 9, 15 (1994); *Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 518 (Pa.Super. 2009)(holding "An offeree's power to accept is terminated by (1) a counter-offer by the offeree; (2) a lapse of time; (3) a revocation by the offeror; or (4) death or incapacity of either party."); Restatement (Second) of Contracts §36 (1981). An offeree's power of acceptance may also be terminated by rejection or by a counteroffer that materially alters the terms of the offer. *Shaer v. Orthopaedic Surgeons of Cent. Pennsylvania, Ltd.*, 938 A.2d 457, 463 (Pa.Super. 2007); *see also, GMH Associates, Inc. v. Prudential Realty Group*, 752 A.2d 889m 899 (Pa.Super. 2000)(holding "a reply to an offer which purports to accept it, but changes the conditions of the offer, is not an acceptance but is a counter-offer, having the effect of terminating the original offer."). Thus, any purported acceptance by Plaintiffs of the original bid is a nullity because the original bid ceased to exist once it was revised. In essence, there was no meeting of the minds here. The Restatement (Second) of Contracts states that "[m]ost offers are revocable. Revocability may rest on the express or implied terms of the offer, as in the case of bids at an auction. See §28. But the ordinary offer is revocable even though it expressly states the contrary." Restatement (Second) of Contracts §42 (1981). The word "revoke" is not essential to a revocation. Any clear manifestation of unwillingness to enter into the proposed bargain is sufficient. *Id.* It is difficult to envision a more clear manifestation of unwillingness to enter into the original bargain than increasing the price of the bargain by almost $200,000.00. Quite simply, the revised bid rendered the initial bid meaningless. It is clear that a subsequent offer revokes any prior offers unless the subsequent offer specifically

---

[2] The parties differ on the catalyst for the revision. Defendants argue that it was requested by PCI; Plaintiffs maintain that it was submitted after Defendants were made aware of the figures in the competing bids. This is not material. The material fact is that a revised bid was submitted by TSE without any objection from PCI or Plaintiffs.

- 6 -

incorporates that prior offer. *Beemac Trucking, LLC v. CNG Concepts, LLC*, 134 A.3d 1055, 1059-60 (Pa.Super. 2016).

V.     Conclusion.

The revised bid submitted by TSE, without objection from Plaintiffs, supplanted TSE's original bid. Plaintiffs' award of the contract, based upon the original bid, is a nullity because the original bid ceased to be an offer when it was *revised*. The operative offer, contained in the *revised* bid, was not accepted by Plaintiffs and, therefore, no contract was formed. Because no contract was formed, there was no contract to repudiate, nor was there any contract to breach. There simply was no meeting of the minds here. Plaintiffs' mind was on the lower figure while TSE's mind was on the higher one. Because there was no contract to breach, there is no liability on the part of the issuer of the surety bond either. Defendants' motion will, therefore, be **GRANTED**. An appropriate Order follows.

- 7 -

| | |
|---|---|
| EAST COAST SUMMIT POINTE, LLC; MORGAN PROPERTIES MGMT. CO., LLC, | In the Court of Common Pleas of Lackawanna County |
| Plaintiffs, | |
| vs. | Civil Action - Law |
| ASPEN AMERICAN INSURANCE CO. AND TSE, INC., | |
| Defendants. | No. 2016-CV-1783 |

MAURI B. KELLY LACKAWANNA COUNTY CLERK OF JUDICIAL RECORDS-CIVIL DIVISION 2020 APR 22 P 3 30

## ORDER

AND NOW, this _22⁰_ day of April, 2020, upon consideration of Defendants' Motion for Summary Judgment and the arguments and submissions of the parties, IT IS HEREBY ORDERED THAT:

1.    Defendants' Motion for Summary Judgment is hereby **GRANTED**;

2.    The Clerk of Judicial Records is hereby directed to enter judgment in favor of the Defendants and against Plaintiffs.

BY THE COURT:

_____ J.
James A. Gibbons

cc:    *Written notice of the entry of the foregoing Order has been provided to each party pursuant to Pa. R. Civ. P. 236 (a)(2) by mailing time-stamped copies to:*

Frank J. Tunis, Jr., Esquire
gunnytun@yahoo.com

Matthew Slocum, Esquire
matt@theslocumfirm.com

- 8 -

RR 820